MARCELINO LANDÁN ROMÁN, Plaintiff and Appellee, *v.* RAMÓN TORRES BRASCHI, ADMINISTRATOR, ETC., Defendant and Appellant.

No. 12268. Submitted April 5, 1961.—Decided April 21, 1961.

---

*J. B. Fernández Badillo,* Secretary of Justice, *Arturo Estrella,* Assistant Secretary of Justice and *Luis Venegas Cortés,* Assistant Attorney General, for appellant. *Luis E. García Benítez* for appellee.

Mr. Justice Blanco Lugo delivered the opinion of the Court.

Antonio Landán Ach, who rendered services to the Government of Puerto Rico for more than 20 years, retired involuntarily on July 1, 1942, because his job was eliminated from the budget. A life pension was granted to him, computed in accordance with § 8 of Act No. 23 of July 16, 1935 (Spec. Sess. Laws, p. 126), *Landán* v. *Retirement Board,* 65 P.R.R. 117 (1945). This retirement Act of 1935 was substituted and replaced by Act No. 447 of May 15, 1951 (Sess. Laws, p. 1298, 3 L.P.R.A. § 762).[1] To that effect it was provided that "the pension funds herein above named [which includes the one prescribed by Act No. 23 of 1935] shall be *merged* into and *become part* of the system herein created and such system shall be construed to be a continuation of the said pension funds which it shall supersede and replace." (Section 2, Act No. 447 of 1951, 3 L.P.R.A. § 762.) It was also provided at the time of the suppression of all these retirement systems, that "all annuities, pensions and other benefits granted prior to the operative date shall from and after the said operative date be paid by the System herein created, *according to the Acts named*

---

[1] Act No. 447 of 1951, *supra,* merged into a single system the funds or pension plan provided by different laws: retirement for members of police force (Act No. 70 of May 3, 1931, Sess. Laws, p. 434); *cf. López* v. *Muñoz, Governor,* 81 P.R.R. 328 (1959), pensions for widows of members of the police force (Act No. 155 of May 9, 1938, Sess. Laws, p. 334), retirement for officials and employees of the Government (Act No. 23 of July 16, 1935). In relation to Act No. 447, we stated in *In re Castro,* 73 P.R.R. 517, 519 (1952), that it was "a carefully drawn and comprehensive statute" and that "it was enacted as a result of an exhaustive study by the Public Administration Service of the various existing public pension systems" and that "it *drastically* modifies the previous *pensions funds which it superseded.*"

*above"*; that "all amounts deducted and withheld from the salaries or compensation of the participants of the superseded pension funds shall be credited to the said participants who shall become members of the System"; and finally, that "all claims for annuities, pensions, benefits, refunds or other benefits against the superseded pension funds, which may be pending on the operative date of the System, shall be allowed or disallowed by the Administrator according to the provisions of the respective superseded Acts. Such claims as are allowed shall be paid by the System."

Section 13 of the Act in force (3 L.P.R.A. § 773) established a benefit for payment upon death while in active service and for those participants receiving an annuity due to retirement or disability.[2] In regard to the latter it was provided that:

"Upon death of a member in receipt of a retirement annuity or disability annuity, unless a reversionary annuity is payable under the provisions of sections 761–788 of this title, a death benefit shall be paid in a single cash sum to such person or persons as he shall have nominated by written direction duly acknowledged and filed with the Administrator, or to his heirs, if such nomination shall not have been made, consisting of the excess, if any, of the accumulated contributions of the member at the time of retirement over the total amount of all retirement annuity payments received by the member prior to his death, *Provided That,* in any event, there shall be payable in any case a minimum amount of two hundred (200) dollars."

The plaintiff, Marcelino Landán Román is the beneficiary designated on December 21, 1953 by Antonio Landán Ach in a printed form filed with the Personnel Office of the Government of Puerto Rico. At the death of Antonio Landán Ach, on May 26, 1954, he claims the payment as beneficiary upon death, which in his case, amounts to the minimum sum of two hundred dollars. The defendant refused to order the

---

[2] Participant means "any employee participating or belonging to the membership of the System." (Section 3, Act No. 447 of 1951, 3 L.P.R.A. § 763.)

payment of the benefit requested, and his action was affirmed by the Board of Trustees of the Retirement System. He appealed to the Superior Court and from the judgment granting the complaint and ordering the payment, an appeal was taken to this Court.

The sole issue for decision is whether under the provisions of Act No. 447 of 1951, Antonio Landán Ach had the status of "participant" in the retirement system created thereby. A negative answer is due.

An examination of Act No. 447 leads to the inescapable conclusion that the persons who had retired and were pensioned under Act No. 23, were still subject, as to the payments of benefits to which they were entitled, to the provisions of the latter. It was so expressly provided as to the payment of pensions already approved, and as to those pending on July 1, 1951, the effective date of the new system, it was provided that they would be granted in accordance with the provisions of the superseded Acts (§ 2, Act No. 447 of 1951). The only scope of the merger in question was to transfer the funds available to the previous retirement systems, to the new system then created. It is but a mere administrative measure. That is why when indicating the persons who shall be members of the new system, § 4 (3 L.P.R.A. § 764) limits it to: (1) any person who on June 30, 1951 is an employee of the Government of Puerto Rico, provided he has completed twelve months of services uninterrupted by an absence from service of more than three consecutive months;[3] and (2) any person who becomes an employee for the first time on and after the date the new system comes into effect, and who shall become a member of the system as a condition of employment, upon completion of a minimum of twelve months of service.

Special notice was given by the court of first instance

---

[3] It is significant that active employees who on said date were members of any superseded plan were not required to comply with this period of service for membership in the new system.

to the amendment introduced by Act No. 73 of June 19, 1954 (Sess. Laws, p. 374), to paragraph seven of § 2, which by virtue thereof reads as follows:

"All amounts deducted and withheld from the salaries or compensation of the participants of the superseded pension funds shall be credited to the said participants who shall become members of the System *if they are in active service, or if not, then when they enter into active service.*" [4]

The purpose of this amendment is clearly stated in the report rendered to the Senate by the Electoral and Personnel Committee [5] in relation to Senate Bill No. 399, that later became Act No. 73 of June 19, 1954, and that insofar as pertinent says:

"The purpose of this bill is to make clear some concepts of the Act in force, No. 447 of May 15, 1951, which are not clear.

"The seventh paragraph of Section 2 provides that all amounts deducted and withheld from the salaries and compensation of the participants of the superseded pension funds, shall be credited to the said participants who should become members of the Pension System. This last phrase in the paragraph tends to be interpreted as if all the employees that were participants in superseded pension funds will become part of the present Retirement System, even though they were not in active service at the date of the approval of the Act. *This interpretation is erroneous and could give pause to the participants of superseded funds to believe that they have a right to the benefits provided in the System, even though they have ceased to be Government employees.* Hence, this amendment by addition to this paragraph."

The foregoing is sufficient to support our conclusion that the employees who had already retired when the new retire-

---

[4] The amendment consisted in adding the phrase underscored.

[5] Journal of Proceedings, 1954, p. 629. If it were necessary, Act No. 73 of 1954 could be considered as a remedial statute for the purpose of curing any defect that Act No. 447 might have had. *Compañía Ron Carioca* v. *Tax Court,* 67 P.R.R. 662 (1947); *Sunland Biscuit Co.* v. *Minimum Wage Board,* 68 P.R.R. 345 (1948).

ment system went into effect on July 1, 1951, do not benefit from the present Act, but their rights are governed by the respective acts in force at the time they were pensioned. This interpretation is widely corroborated by the subsequent legislative action, *Cía. Ferroviaria* v. *Sec. of the Treasury*, 80 P.R.R. 507 (1958), directed to grant to those persons the benefits of the new system, for which reason it was necessary to approve specific legislation. Thus, to eliminate any difference in the amount of the pensions granted to the retired employees under Act No. 70 of 1931 and *No. 23 of 1935*, it was ordered by Act No. 132 of July 4, 1953 (Sess. Laws, p. 516), that the Administrator of the Retirement System should proceed to readjust in those cases where the pensions, under similar circumstances, were less than those granted by the Retirement Act in force. To that effect the corresponding appropriation was made and it was ordered that for the subsequent years there shall be appropriated in the general budget, the amount necessary to carry out that purpose.[6]

In relation to the benefits for death mentioned in the petition of the case at bar, it was not until the approval of Act No. 27 of May 6, 1955 (Sess. Laws, p. 94) that they were extended to the pensioners under the provisions of Act No. 23 of 1935.[7] The reports to the legislative houses show that the purpose was "to bring to the same level as to this particular benefit, those pensioned under former retirement

---

[6] The report of the Senate Finance Committee on the S. B. No. 273, that became Act No. 132 of 1953, reads as follows:

"This bill orders the Administration of the Officers Retirement System of the Commonwealth, to readjust the pensions granted under Acts Nos. 70 of May 3, 1931 and 23 of July 16, 1935, to the provisions of the existing Retirement Act. This measure shall affect 247 pensioned members of the Puerto Rico Police Force and 365 additional pensioners, at an annual total cost of $83,893.01. A considerable number of pensioners shall receive the benefits of this Act when their pensions are raised to $480 annually. It should be informed that the annual cost of this measure shall be gradually reduced with the lapse of time."

[7] See *Ledesma, Administrator* v. *District Court*, 71 P.R.R. 81, 83 (1950).

Acts, and those pensioned under the new Act who actually enjoy this benefit" (Report of the Finance Committee of the House of Representatives on the H. B. 1285, Journal Proceedings, 1955, p. 747) and to offer them "an economic aid from the Government to meet the funeral expenses, which amount shall never be less than $200." (Journal of Proceedings, 1955 ib.) In the same session the Electoral and Personnel Committee also recommended the approval of said bill and in the corresponding report it stated that it was submitted "for the purpose of *uniformity* in executing the pension's acts and to correct the situation of inequality governing the pensioner's heirs" under the previous Acts, and that "if this substitute bill were approved, then *all retirement Acts that are administered* by the Retirement System of the Government of Puerto Rico would be under equal conditions as to the minimum death benefits." (Journal of Proceedings, 1955, p. 748.) In similar terms the Senate Finance Committee expressed itself when it recommended the bill for approval. (Journal of Proceedings, 1955, p. 1333.) This Act was not applied retroactively but by express provision it went into effect on July 1, 1955.

In view of the foregoing we are compelled to conclude that at the death of Antonio Landán Ach, occurred on May 26, 1954, the plaintiff had no rights to enjoy the minimum benefit claimed. The judgment rendered by the Superior Court, San Juan Part, is reversed, and a new judgment dismissing the complaint is rendered.